By the Court.
The plaintiff in error, Azariah. K. Jewell, instituted this action in the common pleas court of Franklin county, December 18, 1914, and sought to enjoin the state medical board and its secretary from holding any hearing upon or making any finding or order with reference to an *192 application filed in the office of said board for the revocation of the certificate of plaintiff, theretofore issued to him by said board in the manner provided by law,, authorizing him to engage in the practice of medicine and surgery.
By demurrer to the petition of plaintiff the question was raised and presented whether the statutes which authorized proceedings to revoke such certificate, being Sections 1275 and 1276, General Code, were violative of the due process of law provisions of the constitution of the state and of the United States. The demurrer was sustained by the common pleas court and that action was affirmed by the court of appeals.
The sections of the General Code brought into question at the time of the commencement of this action provided as follows:
“Sec. 1275. The state medical board may refuse to grant a certificate to a person guilty of fraud in passing the examination, or at any time guilty of felony or gross immorality, or addicted to the liquor or drug habit to such a degree as to render him unfit to practice medicine or surgery. Upon notice and hearing, the board, by a vote of not less than five members, may revoke a certificate for like cause or causes.
“Sec. 1276. An appeal may be taken from the action of the state medical board refusing to grant, revoking or suspending a certificate, for the causes named in the preceding section, to the governor and attorney general, whose decision affirming or overruling the action of the state board shall be final.” (103 O. L., 438.)
*193 Thereafter these sections were amended and supplemented (106 O. L., 177, 178). However, by reason of the provisions of Section 26, General Code, the statute as amended and supplemented subsequent to the institution of this proceeding can in no wise affect this case. The only authority possessed by the state medical board in the matter under consideration, at the time it attempted to take the action sought to be enjoined in this proceeding, was conferred by the sections above quoted. No provision whatever was made or then existed whereby the attendance of witnesses could be required or their testimony procured, nor was any procedure provided whereby the rights of the holder of such a certificate to engage in the practice of medicine could be protected and safeguarded. Although the statutes authorized the revocation of such certificate “upon notice and hearing,” the board was not vested with any of the powers essential to the conduct of the trial or hearing. No process was authorized and no method or means for such hearing prescribed or provided, nor is an opportunity to be heard furnished by the provisions of Section 1276 authorizing an appeal to an officer or officers in whom is vested no authority to subpena witnesses, enforce attendance, compel the giving of testimony, or the production of necessary books, records and documentary evidence.
The statutes in question did not provide the plaintiff in error due process of law and are therefore invalid.
The demurrer to the petition should have been overruled. The judgments of the court of common *194 pleas and of the court of appeals herein are therefore reversed.

Judgments reversed.

Nichols,, C. Newman, Jones, Matthias, Johnson and Donahue, JJ.; concur.